## BOYLE v STATE OF FLORIDA

### Case No. 88-1408 CF (County Court Case No. 88-3129MT)

Nineteenth Judicial Circuit, Martin County

July 5, 1989

### APPEARANCES OF COUNSEL

**Bruce M. Wilkinson,** for appellant.

**Richard G. Bartmon,** for appellee.

### OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from a conviction in the Martin County Court wherein appellant was convicted for Driving Under the Influence of Alcohol.

On August 20, 1988, at approximately 1:40 A.M., the automobile appellant was driving was stopped by a Stuart Police officer who had observed appellant's automobile travelling at a high rate of speed. When appellant got out of his car, the police officer observed his demeanor. He arrested appellant when appellant began yelling and swearing and took him to the Martin County jail. At the jail physical

tests administered to appellant were recorded on video tape by another officer. Appellant consent to the physical tests but refused to submit to a breath test and requested a blood test.

At trial the State's case consisted of the testimony of the two officers as well as the video tape of appellant's physical test. The State rested and appellant chose not to present any evidence.

The sole issue on appeal is whether appellant was denied due process and a fair trial by the prosecutor's comments about appellant's not presenting evidence.

The evidence pattern at trial showed that the arresting officer stopped appellant for speeding only. He noticed appellant was staggering, had slurred speech, blood-shot eyes, and his breath had a strong odor of alcohol. The officer found no open containers or cups of alcoholic beverage in appellant's vehicle. He did not notice any erratic driving or crossing the center line by the appellant. The officer opined that appellant was drunk.

The officer who video taped the physical tests observed that appellant was uncooperative and was unable to follow instructions. His opinion was that the appellant was obviously intoxicated because appellant had blood-shot and watery eyes, had a moderate to strong odor of alcohol about him, was uncooperative, his balance was off, he was unable to follow instructions, and when walking, two-stepped a couple of times.

Both officers testified on cross examination that the odor of alcohol on a person's breath has no correlation to the amount of alcohol consumed.

The video tape showed that appellant was offered the breathalyzer test and refused and that appellant stated that he wanted a blood test. (A blood test was not administered.) During the physical tests, the tape shows that appellant said that he could not stand on one leg but gave no reason. Later on, the tape shows that appellant said he could not do the walking test because he had a problem with his leg. During the finger to nose test, appellant was told to point his palms down. The appellant says that his palms are down, but the tape shows his palms were up.

The prosecutor, in his closing argument, commented, "we have had no proof, no witnesses to come in there and say that I deal with Mr. Boyle everyday and he's a pain." Defense counsel objected, and the objection was sustained. The prosecutor went on to say, "Mr. Wilkinson mentioned earlier something about a leg problem. You know if

47

■■■■■■■■■■■■

that's the case, I would like to have seen some evidence of it but -." Defense counsel again objected and moved for a mistrial. At sidebar, the court told the prosecutor that they were coming close and there was probably a basis for a mistrial. The court admonished him, and the motion for mistrial was denied. No curative instructions were given to the jury.

These comments by the prosecutor are simply not impermissible since they do not make reference to appellant's failure to testify or invocation of his right otherwise to remain silent. The comments refer to a failure to produce evidence in general to support appellant's defenses, and such comments are legally proper. (See *Dufour v State*, 495 So.2d 154 (Fla. 1986)).

For the above reasons, the conviction appealed is AFFIRMED.

DONE AND ORDERED this 5th day of July, 1989 in chambers.